THE UNITED STATES COURT OF FEDERAL CLAIMS

THE ESTATE OF ROBERT PARDY :
By SUSAN PARDY, Executrix,
21 Turanga Road :
Gisborne. Victoria. 3437.
Australia, :

Plaintiff, :

v. :

THE UNITED STATES OF AMERICA, :

Serve On: :
The Honorable John Ashcroft
Attorney General :
The United States Department of Justice
950 Pennsylvania Avenue, N.W. :
Washington, DC 20530
:
Defendant.
:

COMPLAINT

Plaintiff, the Estate of Robert Pardy, by Susan Pardy, Executrix, by and through counsel, hereby sue the United States of America, and as to cause states:

INTRODUCTION

1. In late 1999, Mr. Pardy responded to an advertisement placed by the World Bank in The Economist magazine, for the position of Commissioner of the National Securities Commission of Georgia. The position involved setting up the first securities commission in the former Soviet Socialist Republic which would allow for the first publicly-traded stock exchange in Georgia.

2. The project was funded by a grant from USAID. The purpose of the grant was "to fund a program to recruit and hire two foreign Commissioners to serve on the National Securities

Commission (NSC) of Georgia." See, Exhibit 1, Grant, Attachment No. 1, September 24, 1999. Pursuant to the terms of the Grant, "the term of the contractor's employment shall be as specified by USAID and the appropriate provision of the Georgian Securities Market Law (GSML)." See, Exhibit 1, Grant, Attachment No. 2, Proposal for Funding by USAID.

3. The World Bank administered the Grant on behalf of USAID. USAID charged the World Bank with selecting the Contractors, which entailed:

- Review of Terms of Reference
- Undertaking the advertising effort for the positions
- Preparing a proposal for USAID trust funding
- Establishing the [World] Bank's interview panel
- Interviewing Candidates (in Washington DC)
- Communicating to the Government the short listed candidates with detailed interview reports
- Administering the (country-executed) Trust Fund and contracting the two selected candidates.
-

See, Exhibit 1, Grant, Attachment No. 2, Proposal for Funding by USAID.

4. The World Bank and USAID interviewed Robert Pardy by telephone from Washington, DC and in person in Georgia. They selected Robert Pardy out of one hundred candidates.

5. The World Bank and USAID negotiated the terms of consulting services with Robert Pardy by telephone in Washington, DC and in person in Georgia.

6. On information and belief, the World Bank drafted the terms of the consulting services agreement.

7. The agreement, as negotiated between the World Bank, USAID, and Robert Pardy

entailed that Robert Pardy would provide consulting services in exchange for Seven Hundred Twenty-Seven Thousand Dollars ($727,000.00). See, Exhibit 2, Contract.

8. Recognizing the inherent safety risks involved in undertaking the assignment in Georgia, viz., relocating to a newly-established, underdeveloped country, Robert Pardy, the World Bank, and USAID negotiated and wrote into the contract a *force majeure* provision. See, Exhibit 2, Contract.

9. The agreement defines *force majeure* as *"an event which is beyond the reasonable control of a party and which makes a party's performance of his obligations under the contract impossible or so impractical as to be considered impossible under the circumstances."* See, Exhibit 2, Contract (emphasis added). Furthermore, the agreement states:

> During the period of their inability to perform the services as a result of an event of force majeure, the consultant shall be entitled to continue to be paid under the terms of the contract as well as to be reimbursed for additional costs reasonably and necessarily incurred by them during such period for the purposes of the services and in reactivating the service after the end of such period.

See, Exhibit 2, Contract.

10. Relying upon these terms, Robert Pardy accepted the position as Commissioner of the National Securities Commission of Georgia. The Pardy family (Robert and Susan Pardy and their three minor children, Erinn, James, and Nicholas) was caused to leave their home in Australia to start a new life in Tbilisi, Georgia. Both Robert and Susan Pardy, therefore, were required to forego other employment opportunities at the risk of their family's financial security and well-being.

11. On October 12, 2000, while working in his new capacity as Commissioner of the National Securities Commission of Georgia, Mr. Pardy was struck by a hit-and-run driver and died hours later in a hospital in Georgia. In the performance of the agreement, Robert Pardy lost his life. The Pardy family lost its primary wage-earner. Susan Pardy lost her husband. Erinn, James, and

Nicholas lost their father.

12. Undoubtedly, the unforeseeable death of Robert Pardy in Georgia was an event beyond Robert Pardy's reasonable control which made his performance under the agreement impossible. Accordingly, Robert Pardy's death clearly constituted *force majeure* as anticipated by the agreement.

13. The morning after Robert Pardy's death, Mrs. Pardy was given verbal assurances by the Georgian Government, the World Bank, and USAID that her husband's contract would be paid in full. Accepting these undertakings in good faith, she accompanied her husband's body back to Australia the next day.

14. Prior to his tragic death, Robert Pardy was paid Two Hundred Sixty-One Thousand Seven Hundred Twenty U.S. Dollars ($261,720.00) for his services. The balance owed to his estate is Four Hundred Sixty-Five Thousand Two Hundred Eighty U.S. Dollars ($465,280.00), plus interest.

PARTIES

15. Plaintiff re-allege and reassert the allegations set forth in paragraphs 1-14 above.

16. At all times relevant to this pleading, Robert Pardy was a citizen of Australia prior to his tragic death.

17. The United States Agency for International Development (USAID) is a federal agency of the United States of America. USAID was created to further American foreign policy interests in expanding democracy and free markets while improving the lives of citizens of the developing world through the administration of United States foreign assistance.

JURISDICTION

18. Plaintiff re-allege and reassert the allegations set forth in paragraphs 1-17 above.

19. This action arises out obligations undertaken by The United States to implement its grant program in Georgia. Accordingly, jurisdiction is founded upon 28 U.S.C.A. §1346 and 28 U.S.C.A. § 1491.

Count I
(Breach of Contract)

20. Plaintiff re-allege and reassert the allegations set forth in paragraphs 1-19 above.

21. The United States, by and through USAID, through its agents the World Bank and/or the Republic of Georgia entered into Contract with Robert Pardy to perform services as specified by the terms of the Contract.

22. Robert Pardy substantially performed his obligations under the Contract.

23. The United States, by and through USAID, itself and/or through its agent the World Bank and/or the Republic of Georgia failed to pay the full balance of Seven Hundred Twenty-Seven Thousand Dollars ($727,000.00) in breach of its obligations under the Contract.

WHEREFORE, Plaintiff, the Estate of Robert Pardy, by Susan Pardy, Executrix, hereby demands judgment from the United States of America in the amount of Four Hundred Sixty-Five Thousand Two Hundred Eighty U.S. Dollars ($465,280.00), plus pre-judgment interest, costs, and reasonable attorneys fees.

Count II
(Breach of Contract - Third Party Beneficiary)

24. Plaintiff re-allege and reassert the allegations set forth in paragraphs 1-23 above.

25. Defendant entered into an agreement with the World Bank whereby Robert Pardy was an intended beneficiary of that agreement.

26. On information and belief the World Bank performed its obligations under the agreement.

27. Defendant breached the agreement by failing to pay the full balance owed under the terms of the agreement.

WHEREFORE, Plaintiff, the Estate of Robert Pardy, by Susan Pardy, Executrix, hereby demands judgment from the United States of America in the amount of Four Hundred Sixty-Five Thousand Two Hundred Eighty U.S. Dollars ($465,280.00), plus pre-judgment interest, costs, and reasonable attorneys fees.

Count III
(Breach of Guaranty)

28. Plaintiff re-allege and reassert the allegations set forth in paragraphs 1-27 above.

29. Through its Grant, The United States by and through USAID, expressly or impliedly guarantied the performance of the contractual obligations undertaken by the World Bank and/or the Republic of Georgia in furtherance of the Grant.

30. The United States expected or should have expected the guaranty to induce substantial action on the part of the World Bank and/or the Republic of Georgia and Robert Pardy. Relying on that guaranty, the World Bank and/or the Republic of Georgia contracted with Robert Pardy to undertake the objectives specified in the Grant.

31. Robert Pardy substantially performed his obligations under the contract.

32. The United States breached its guaranty by withholding the funds necessary to pay Robert Pardy the full amount of the contract.

WHEREFORE, Plaintiff, the Estate of Robert Pardy, by Susan Pardy, Executrix, hereby demands judgment from the United States of America in the amount of Four Hundred Sixty-Five

Thousand Two Hundred Eighty U.S. Dollars ($465,280.00), plus pre-judgment interest, costs, and reasonable attorneys fees.

Count IV
(Novation)

33. Plaintiff re-allege and reassert the allegations set forth in paragraphs 1-32 above.

34. The United States, by and through USAID, itself and through its agents the World Bank and/or the Republic of Georgia, made assurances to Plaintiff that it would pay Mr. Pardy's contract in full.

35. The United States, by and through USAID, itself and through its agents the World Bank and/or the Republic of Georgia and the Estate of Robert Pardy were in full agreement that the United States would pay the full amount of Mr. Pardy's contract.

36. As such a novation of Mr. Pardy's original contract was formed, whereby the United states assumed the debt to pay Mr. Pardy's contract in full.

WHEREFORE, Plaintiff, the Estate of Robert Pardy, by Susan Pardy, Executrix, hereby demands judgment from the United States of America in the amount of Four Hundred Sixty-Five Thousand Two Hundred Eighty U.S. Dollars ($465,280.00), plus pre-judgment interest, costs, and reasonable attorneys fees.

Respectfully Submitted,

MACLEAY, LYNCH, GREGG & LYNCH, P.C.

________________________________
James C. Mehigan
Suite 1150
1629 K Street, N.W.
Washington, DC 20006
(202) 785-0123
(202) 393-3390 - Fax

Attorney for Plaintiff

Dated: April 23, 2003