**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE ESTATE OF ROBERT PARDY,<br>By Susan Pardy, Executrix<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | No. 03-823C<br>(Chief Judge Damich) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION**
**TO DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 7.1, 12(b)(1) and 12(b)(6) of the Rules of United States Court of Federal Claims ("RCFC"), defendant, the United States, respectfully submits this reply to plaintiff's opposition to our motion to dismiss for lack of jurisdiction and for failure to state a claim upon which relief can be granted.

ARGUMENT

As we demonstrated in our opening brief, plaintiff's claim for breach of contract should be dismissed because there was no contract, either express or implied, between Mr. Pardy and the United States. Defendant's Brief ("Def. Br.") at II.B. We also demonstrated that the grant agreement between USAID and the World Bank, by statutory definition, is not a contract for purposes of jurisdiction in this Court, and that Mr. Pardy was not a third-party beneficiary of the grant agreement between USAID and the World Bank. Def. Br. at II.C. Mr. Pardy's Estate argues that the grant agreement between USAID and the World Bank meets all four elements of an express or implied contract with the Government, and that Mr. Pardy was a third-party beneficiary of that "contract." Plaintiff's Opposition ("Pl. Opp.") at 6-8.

As demonstrated below, there was no such contract, and that even if there was a contract, Mr. Pardy was not a third-party beneficiary of that contract. First, we will show that, contrary to plaintiff's assertions, the grant agreement represents a gift or gratuity, and no consideration was given for it. Accordingly, it is not a contract that would confer jurisdiction upon this Court. Second, we will demonstrate, yet again, that because the grant was for a public purpose and expressly limited liability to third parties, Mr. Pardy was not a third-party beneficiary. Finally, because Mr. Pardy's Estate failed to respond to our arguments regarding counts III and IV, those counts must be dismissed.

## I. Grant Agreement Was Not A Contract For Purposes Of Conferring Jurisdiction Upon This Court

The traditional rule in this Court is that Federal "grants are in reality gifts or gratuities." D.R. Smalley & Sons, Inc. v. United States, 178 Ct. Cl. 593, 372 F.2d 505, 507 (1967); accord Trauma Service Group, LTD. v. United States, 33 Fed. Cl. 426 (1995); Lopinson v. United States, 15 Cl. Ct. 712 (1988); see also Korea Development Corporation v. United States, 9 Cl. Ct. 167, 173-174 (1985). Moreover, the voluntary grant of money to another entity, such as the World Bank, does not in any way make the grantee an agent of the Government. See D.R. Smalley, 372 F.2d at 508 (citing Eden Memorial Park Association v. United States, 300 F.2d 432, 439 (9th Cir. 1962)).

In this case, the USAID's principle purpose was to act as financing agent for the public purpose of helping the Republic of Georgia and its citizens to establish a regulatory commission. The intended beneficiary of the USAID financing was the Republic of Georgia, not Mr. Pardy. Similar to the grants discussed by the Court of Claims in D.R. Smalley, the grant in this case was

a "gift[] or a gratuit[y]," for the benefit of the Republic of Georgia. D.R. Smalley, 178 Ct. Cl. 593, 372 F.2d at 507. In D.R. Smalley, the Court held that "it would be farfetched indeed to impose liability on the Government for the acts and omissions of the parties who contract" pursuant to a grant "simply because [the grant] requires the work to meet certain standards." Id. Likewise, in this case, it does not follow that simply because the Government requires various grant projects to be completed in accordance with certain standards before proceeds of the grant will be paid does not meant that such grant requirements constitute consideration, as plaintiff contends.

Mr. Pardy's Estate relies upon Thermalon Industries LTD. v. United States, 34 Fed. Cl. 411 (1995), to support the contention that the grant in this case was a contract because "the terms of the Grant in this matter provide for the passage of consideration between the parties." Pl. Opp. at 8. Plaintiff's reliance upon this notion is misplaced, and that case is easily distinguished. In Thermalon, there was consideration from the plaintiff to the Government in the form of publications, equipment, and a royalty-free license that "potentially had significant economic value." 34 Fed. Cl. at 415. No such consideration is present in this case. The grant in this case was for broad, public purposes to aid a market-based economy in a former Soviet Republic and to further United States foreign policy goals, as plaintiff properly acknowledges. Pl. Opp. at 1, ¶ 2. Moreover, the actions undertaken by the World Bank were not taken in consideration for the grant, but in compliance with the requirements of the funding.[1] See D.R. Smalley, 372 F.2d at 507. Consequently, there was no consideration for this voluntary gift of a grant, and thus, the

[1] Regardless of whether the World Bank provided additional funding to the project, that was not a requirement of the grant, and thus, would not constitute consideration.

grant agreement was not a contract. The Court should dismiss Count I of the complaint.

II. Mr. Pardy Was Not A Third-Party Beneficiary

In our opening brief, we also demonstrated that plaintiff's claim for breach of contract based upon the theory that Mr. Pardy was a third-party beneficiary of the grant agreement between USAID and the World Bank, should be dismissed. Def. Br. at II.C. In this regard, we showed that this Court may assert jurisdiction over claims brought by a plaintiff who is not a named party to a contract only in narrow circumstances:

> In order to prove third party beneficiary status, a party must demonstrate that the contract not only reflects the express or implied intention to benefit the party, but that it reflects an intention to benefit the party directly. Third party beneficiary status is an "exceptional privilege" and, to avail oneself of this exceptional privilege, a party must "at least show that [the contract] was intended for his direct benefit.

Glass v. United States, 258 F.3d 1349, 1354 (Fed. Cir. 2001). As explained below, under these standards, the plaintiff's allegations regarding third-party beneficiary status must fail.

Mr. Pardy's Estate contends that this case is comparable to Guardsman Elevator Co. v. United States, 50 Fed. Cl. 577 (2001), and Carlow v. United States, 40 Fed. Cl. 773 (1998), and that Mr. Pardy, like the plaintiffs in those cases, was the intended beneficiary of the grant agreement. Pl. Opp. at 9-10. Plaintiff's reliance upon these cases is unavailing.

First, Carlow involved a contract between an Indian tribe and the Government for a road construction project that expressly included the Government's obligation, pursuant to specific regulations, to assume the debts of the tribe through the "retrocession process." Carlow, 40 Fed. Cl. at 782-3. Once the tribe concluded that its performance of the contract was no longer feasible, the Government was required by its agreement with the tribe to close out a separate

contract between Mr. Carlow and the tribe for the rental of construction equipment. Id. Contrary to the requirements found in Carlow, nothing in the USAID grant in this case obligated the Government to shoulder any responsibilities of the World Bank in the event of a breach of Mr. Pardy's employment contract with the National Securities Commission ("NSC"). Moreover, this argument assumes that the Government, or even the World Bank, had any responsibilities at all for the breach of the employment contract between Mr. Pardy and the NSC. Plaintiff cannot demonstrate that the Government was somehow obligated to make good on the Republic of Georgia's alleged breach. Such an obligation is even farther removed than the (nonexistent) obligation of the Government to make good for a breach by the World Bank.

Second, in Guardsman, the plaintiff was a pre-existing creditor of a privately-owned housing project, and the Department of Housing and Urban Development, which subsequently assumed control of the project, agreed, through a court-ordered stipulation, to pay all pre-receivership payables. 50 Fed. Cl. at 578-79. The Court in that case held that the plaintiff-creditor was an intended beneficiary of the court-ordered stipulation. Id. at 581. In this case, however, Mr. Pardy was not a pre-existing creditor awaiting payment for services provided and ordered to be paid by a court ordered stipulation. Moreover, as we demonstrated in our opening brief, the Republic of Georgia, and not Mr. Pardy, was the beneficiary of the USAID grant. Def. Br. at 2, 7. Even if Mr. Pardy were a third-party beneficiary of the grant, which he is not, as we demonstrated in our opening brief, Mr. Pardy did not provide any of the services for which his estate now seeks payment. Def. Br. at 11. Accordingly, Guardsman and Carlow do not support plaintiff's claim to third-party beneficiary status.

In addition, as we demonstrated in our opening brief, the grant agreement does not reflect an intention to benefit Mr. Pardy directly. To the contrary, the grant agreement, which Mr. Pardy's Estate alleges somehow obligates the United States to honor the contract between Mr. Pardy and the NSC, includes an express clause which provides that "USAID does not assume liability for any third party claims for damages arising out of this grant." Compl., Ex. 1, Att. 3, ¶ 5. That clause is unambiguous and demonstrates the parties' express intent not to allow for the direct right to compensation by any other party. Such an express clause would bar third-party action against the Government. See, e.g., Housing Corporation of America v. United States, 199 Ct. Cl. 705, 713, 468 F.2d 922, 926 (1972)(rejecting a third-party beneficiary claim in part because the agreement upon which plaintiff based its claim specifically barred third-party actions against the Government); see also Slattery v. United States, 35 Fed. Cl. 180, 184 (1996)(rejecting third-party beneficiary claim where the agreement at issue specifically disclaimed any intent to benefit third parties). Plaintiff has not responded to this argument, which is completely dispositive of plaintiff's claim.

Moreover, the separate consulting contract between Mr. Pardy and the NSC expressly indicates that (1) "payments by the USAID will be made only at the request of (the NSC) and upon approval by the (World Bank)," and that (2) "no other party other than (the NSC) shall derive any rights from the agreement providing for the grant or have any claim to the grant proceeds." Compl., Ex. 2, p. 2, "Whereas" clause (c)(i) and (iii). Rather than supporting plaintiff's argument regarding Mr. Pardy's alleged rights as a third party beneficiary of the grant agreement, these limitations in the consulting contract provided Mr. Pardy express notice that he would not be entitled to any direct benefit pursuant to the grant agreement between USAID and

the World Bank. See, e.g., Penn Towne Builders, Inc. v. United States, 4 Cl. Ct. 677, 682 (1984) ("No obligation to a third party is created even when the language in the contract provides . . . .that 'funds have been reserved by the government and will be available to effect payment and performance by the Purchaser.' "). Plaintiff likewise has not responded to this argument, and thus, we do not address it further.

For these reasons, the plaintiff's claim as a third-party beneficiary fails and the Court should dismiss Count II of the complaint.

III. Plaintiff Has Conceded Counts III And IV

Finally, we demonstrated in our opening brief that because no breach of guaranty occurred and that there was no novation in this case, counts III and IV of the complaint should be dismissed. Mr. Pardy's Estate has failed to respond to these arguments, and thus, defendant's motion with respect to these counts should be granted. E.g., Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 n.2 (7th Cir. 1996); Evans v. Pemco Aeroplex, Inc., 1998 WL 1948470, *12 (N.D. Ala. 1998) (citing cases); see also Finch v. Hughes Aircraft Co., 926 F.2d 1574, 1576-77 (Fed. Cir. 1991) (issues not raised cannot be later raised on appeal).

Even assuming, arguendo, that the USAID grant agreement with World Bank constituted a contract for purposes of this Court's jurisdiction, which it does not, and that Mr. Pardy was the third party beneficiary of that agreement, which he is not, Mr. Pardy has failed to demonstrate that an employee of the United States with the requisite authority to bind the Government made a promise that Mr. Pardy would be paid for services, pursuant to a contract between Mr. Pardy and the Republic of Georgia, which Mr. Pardy did not render. Indeed, as we demonstrated in our opening brief, the USAID grants officer expressly declined to authorize the payment that the

plaintiff was seeking. Def. Br. at 12, 13. Plaintiff has not, and indeed cannot, respond to this argument. Accordingly, even if this Court possessed jurisdiction, plaintiff is not entitled to any damages and therefore, fails to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated above and in our opening brief, the United States respectfully requests that this Court dismiss plaintiff's complaint in its entirety upon the ground that the Court does not possess jurisdiction to entertain plaintiff's complaint and that plaintiff has failed to state a claim upon which relief can be granted.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

S/ Brian M. Simkin

BRIAN M. SIMKIN
Assistant Director

S/ Brent M. McBurney

BRENT M. McBURNEY
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W., Room 12074
Washington, D.C. 20530
Tel. (202) 307-0277
Fax (202) 514-8624

Attorneys for Defendant

OF COUNSEL:
WILLIAM C. BUCKHOLD
U.S. Agency for International Development

November 5, 2003